THOMAS McNEELY'S ADMINISTRATOR *v.* PHILLIP GUIER, ET AL.

**Vendor and Purchaser—Purchase Money.**

Where E. purchases land for his brother P., and the deed to P. shows that the whole amount of the purchase money is unpaid, and a lien is retained, it is immaterial whether the money is due from E. or P., unless the vendee of P. was misled thereby.

**Vendor and Purchaser—Purchase Money Lien—Abandonment.**

Where E. purchased land for his brother P., and gave his note therefor, and afterwards the land was conveyed to P., and the requirements for retaining a lien for the purchase were complied with, the lien can not be said to have been abandoned.

APPEAL FROM GRAVES CIRCUIT COURT.

January 25, 1873.

OPINION BY JUDGE PRYOR:

Thomas McNeely in his lifetime sold to Emanuel Guier two parcels of land in Graves County for the sum of $8,825, for which Guier executed his two notes, each dated the 11th of October, 1859, one for $3,412.50, due the 1st of January, 1860, and the other for

the same amount, due the 1st of January, 1861, and both bearing interest from date, and McNeely executed to Guier his bond for title.

It appears from the testimony that although Emanuel Guier executed these notes in his own name and held the bond for title in the same way, that he was in fact purchasing the land for his brother Phillip Guier, who was then a non-resident. Phillip Guier afterwards came to Kentucky, and McNeely on the 23d of December, 1859, executed to Phillip Guier a deed for the land containing this recital as to the consideration, "for and in consideration of six thousand eight hundred and twenty-five dollars, no part of which is paid and for said sum said Guier has executed his several promissory notes bearing date the 11th of October, 1859, one for three thousand four hundred and twelve dollars and fifty cents, due the 1st of January, 1860, and the other for the same amount due the 1st of January, 1861, and both bearing interest from date."

After this Phillip Guier paid to McNeely the whole of the first note and the witnesses say it was paid, they think, on the day the deed was executed, but in this they are mistaken, as the deed retains a lien for both notes. No notes were ever in fact executed by Phillip Guier for the land, but McNeely held the notes only given by Emanuel Guier at the time the bond for the title was executed, of the date, amount, etc., of the notes described in the deed, with the exception that Emanuel was the obligor and not Phillip. Phillip Guier afterwards sold the land to appellee, McGoodwin, for six thousand dollars and executed to McGoodwin his bond for title.

McNeely died and suit was instituted by his administrator to enforce the lien upon the land making Emanuel Guier's administrator and Philip Guier defendants. McGoodwin, by his petition, was made a defendant and in his answer alleges that he paid Phillip Guier for the land and that Emanuel Guier was indebted to Phillip and had assumed the payment of this land debt, and no lien was intended to be retained by the deed. It is also insisted that as the note described in the deed purported to have been executed by Phillip, when in fact it was executed by Emanuel, that the lien was thereby lost, or if not lost as between the parties, can not be enforced against a stranger.

The defense relied on by the answer is not sustained by the proof only so far as it appears that the note was signed by Emanuel and not Phillip. That Emanuel bought the land for his brother and that

the latter paid the first note and accepted the deed from McNeely is clearly proven. We can not well see in what way the lien of Mc-Neely has been released. The deed upon its face shows that the whole of the purchase money was unpaid. There is no question but what prior to the adoption of the Revised Statutes this note was a lien upon the land. The only alteration made by the statute is "that to save the lien it must be expressly stated in the deed what part of the purchase money is unpaid." The language of the statute is, "the grantor shall not have a lien unless it be expressly stated in the deed what part of the purchase money remains unpaid." This deed upon its face shows that the whole amount of the purchase money is unpaid and whether due by Phillip or Emanuel Guier is immaterial unless the vendee McGoodwin has been misled by it. There is no evidence whatever that McNeely or any one else ever deceived him in any way with reference to this lien for the purchase money. McNeely, it is true, after the death of Emanuel Guier, re-fused to release his estate by releasing or surrendering the note and taking Phillip Guier's note in its stead. This he had the right to do. If the sale had been actually for Emanuel's benefit and he was to pay for the land it could not affect McNeely's heirs. McNeely held Emanuel's note dated in October, 1859, he executed the deed to Phillip Guier and retained a lien on the same by the recital of the payments thereafter to fall due; no part of the money having been paid. The acceptance of Emanuel Guier's note prior to this time for the land and the execution of the deed afterwards in which a lien is retained, is conclusive that the lien was not abandoned, and in this view of the case he held the note of Emanuel Guier for the purchase money, and also retained a lien in the deed against Phillip, whether he had Phillip's note or not. This debt, however, as the proof clearly shows, was in fact owing by Phillip and he could not have resisted the sale of this land to pay it. McGoodwin, as a vigilant vendee, should have made enquiry of McNeely as to this indebtedness, but this he failed to do, and if there is any loss he must sustain it, and not McNeely's estate.

Judgment is reversed and the cause remanded with directions to enter a judgment subjecting the land to the payment of the note.

Judge Lindsay dissenting.

*Rodman, A. R. Boone, for appellant.*

*C. Bennett, for appellees.*